# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BARBARA GOSZDAK**                                             **PLAINTIFF**

v.                                                     **CAUSE NO. 1:11CV399 LG-JMR**

**LOWE'S HOME CENTERS, INC.**                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss [5] filed by Defendant Lowe's Home Centers, Inc. The Plaintiff has not responded. After due consideration of the Motion and the relevant law, it is the Court's opinion that this action is time-barred and should be dismissed.

Defendant Lowe's Home Centers, Inc. removed this case from the Circuit Court of Jackson County, Mississippi. Plaintiff Barbara Goszdak alleges she was injured on or about December 16, 2007, when she "slipped and fell over a Christmas tree which had fallen and was injured and damaged thereby." State Court Record 6 (¶ 3), ECF No. 3. Presumably the injury occurred on Lowe's premises in Jackson County, Mississippi. Goszdak filed her Complaint on September 28, 2011. *Id*. at 6.

Lowe's moves for dismissal of Plaintiff's case under FED. R. CIV. P. 12(b)(6) for failure to state a claim. Lowe's argues that the three-year limitations period in Mississippi Code Section 15-1-49 applies to Plaintiff's personal injury claims. That provision requires that a plaintiff commence legal action "within three (3) years next after the cause of such action accrued, and not after." MISS. CODE § 15-1-49(1). In the

case of traumatic personal injury, a cause of action accrues immediately. *See Joiner v. Phillips*, 953 So. 2d 1123, 1126 (Miss. Ct. App. 2006). Goszdak's cause of action therefore accrued at the time she fell and was injured, but she filed this lawsuit almost four years later. It is apparent from the allegations of her Complaint that Goszdak's claim against Lowe's Home Centers, Inc. is barred by the applicable statute of limitations.

When the existence of an affirmative defense, such as a statute of limitations bar, is apparent from the face of the complaint, a court may properly dismiss the case for failure to state a claim. *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). This case will therefore be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Lowe's Home Centers, Inc.'s Motion to Dismiss [5] is **GRANTED**. Plaintiff Goszdak's claims against Lowe's Home Centers, Inc. are **DISMISSED with prejudice**. The parties shall bear their own costs.

**SO ORDERED AND ADJUDGED** this the 28th day of November, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE